## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 4:11cv-117 M |
| v. | ) ) | JURY TRIAL DEMAND |
| RIVER VIEW COAL, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment discrimination on the basis of race (Black) and to provide appropriate relief to Shawn King and a class of Black applicants, who were denied employment for mining positions because of their race.

## JURISDICTION AND VENUE

1.     Pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, the United States District Court has jurisdiction over the subject matter of this civil action. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), 707(a), (b) and (e) of Title VII, 42 U.S.C. § 2000e-6(a), (b) and (e) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Western District of Kentucky, Owensboro Division. Venue is appropriate in this Court.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 707(a), (b) and (e) of Title VII, 42 U.S.C. § 2000e-6(a) and (b).

4.      Defendant, River View Coal, LLC, (the "Employer") is a Delaware corporation doing business (and has continuously been doing business) in the State of Kentucky and has continuously had at least 15 employees at all times relevant to this cause of action.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit Shawn King filed with the Commission a charge alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least August 1, 2008, Defendant has engaged in unlawful employment practices at its Waverly, Kentucky facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) in that Defendant has refused to hire Shawn King and a class of Black applicants because of their race.

8.      The effect of the practices complained of in paragraph 7 above has been to deprive Shawn King and a class of Black applicants of equal employment opportunities and otherwise adversely affect their status as applicants, because of their race.

9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice or reckless indifference to the federally protected rights of Shawn King and a class of Black applicants.

## **PRAYER FOR RELIEF**

The Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination on the basis of race.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all applicants and employees, regardless of race, and which eradicate the effects of its past and present unlawful employment practices based on race.

C.    Order Defendant Employer to make whole Shawn King and a class of Black applicants by providing appropriate back-pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or order an award of front pay in an amount to be proved at trial if instatement is impractical.

D.    Order Defendant Employer to make whole Shawn King and a class of Black applicants by providing each with compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Shawn King and a class of Black applicants by providing him with compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

F.    Order Defendant Employer to pay Shawn King and a class of Black applicants punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

s/ Laurie A. Young
LAURIE A. YOUNG, #11480-49
Regional Attorney

s/ Michelle Eisele
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

s/ Aimee L. McFerren
Aimee L. McFerren
Kentucky Bar No.: 89912
Federal I.D. No.: 36953
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
600 Dr. Martin Luther King, Jr. Place
Suite 268
Louisville, KY 40202
502-582-6308
502-582-5435 (fax)
aimee.mcferren@eeoc.gov