UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:11-CV-00117-JHM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                                  PLAINTIFF

V.

RIVER VIEW COAL, LLC                                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant River View Coal, LLC's Motion to Dismiss [DN 13] and Plaintiff Equal Employment Opportunity Commission's Motion for Leave to File Amended Complaint [DN 24]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **DENIES** Defendant's motion to dismiss and **GRANTS** Plaintiff's motion for leave to file amended complaint.

**I. BACKGROUND**

Title VII of the Civil Rights Act of 1964 gives the Equal Employment Opportunity Commission ("EEOC") power to file a civil action in order to prevent unlawful employment practices. 42 USC § 2000e-5(f)(1). In the present case, the EEOC has filed suit on behalf of Shawn King and a class of Black applicants alleging that River View Coal, LLC ("River View") deprived them of equal employment opportunities because of their race. Thirteen Black employment applicants ("charging parties") filed charges of discrimination against River View between March 9, 2010 and April 14, 2010.

The EEOC issued Letters of Determination for each charging party after conducting an investigation and finding reasonable cause to believe that a class of Black applicants was denied employment because of race in violation of Title VII. The Letters of Determination were sent to

River View on April 21, 2011, and a proposed conciliation agreement was sent on May 4, 2011. The EEOC's proposed conciliation agreement included, among other things, River View agreeing to not discriminate based on race, implementing a policy of non-discrimination, training for all management, supervisory, human resources and office personnel, and offers of instatement to the Charging Parties. Monetary relief included a total of $1,725,000 to the charging parties as back pay and compensatory and punitive damages. The parties conducted a conciliation conference on May 31, 2011. Discussions continued between the parties and on July 20, 2011, River View offered a total of $26,000 in exchange for withdrawal of the charges. The EEOC then determined that the River View's offer was nominal and further conciliation efforts would be futile. River View desired to continue conciliation, and on August 24, 2011, the EEOC invited River View to propose a meaningful offer by August 29, 2011. River View felt it was inappropriate to bid against its own offer and asked the EEOC to first counteroffer. The EEOC then filed this present action. River View has filed a motion to dismiss claiming that the EEOC's Complaint failed to state a claim upon which relief may be granted and the EEOC failed to conciliate in good faith. While the EEOC disagrees with River View's grounds for the motion to dismiss, it has since filed a motion for leave to file an Amended Complaint.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 US 662, 679 (2009). Under this standard, the plaintiff must provide

the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 US at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted).

### III. DISCUSSION

**A. Motion to Dismiss**

Defendant has challenged the EEOC's Complaint on two grounds. Defendant has moved for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and for failure to conciliate in good faith.

**1. Failure to Conciliate in Good Faith**

As support for dismissal of the Complaint, Defendant argues that the EEOC failed to conciliate in good faith. Defendant states that the EEOC sent Defendant a conciliation proposal, but provided no information or support for the EEOC's findings that River View engaged in racial discriminatory hiring practices. (Def.'s Mot. Dismiss, 9 [DN 13].) Particularly, Defendant contends that it was forced to respond to the EEOC's conciliation proposal in a "vacuum;" the EEOC unilaterally stated conciliation had failed; and after re-opening the conciliation process, the EEOC forced Defendant to bid against itself.

The EEOC maintains that it satisfied its statutory requirement to conciliate and that it is only required to notify Defendant of the nature of the violation and how it could be remedied. According to the EEOC, the Letters of Determination "expressly set out that each Charging Party alleged he was denied employment due to his race, Black, and that an analysis of River View's hiring practices supported the allegations and revealed a class of Black applicants who were also denied employment because of their race." (Pl.'s Response to Mot. Dismiss, 8 [DN 17].) The proposed conciliation agreement sought monetary and non-monetary relief and was sent to Defendant on May 4, 2011. Correspondence between the parties continued for four months during which the EEOC contends that it provided Defendant with sufficient information regarding its claims, and, after Defendant's offer on July 27, 2011, determined that conciliation had failed and that further efforts would be futile. (Id. at 10.) The EEOC states that the offer was nominal and did not address the class wide claim or non-monetary relief. It is willing to consider a reasonable, good faith offer from Defendant if made during litigation, but the EEOC argues that continuing litigation will best promote an efficient and fair resolution.

After determining there is reasonable cause as to claims of unlawful employment practices, the EEOC "shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 USC § 2000e-5(b). If the EEOC has been unable to "secure from the respondent a conciliation agreement *acceptable to the Commission*, the Commission may bring a civil action against any respondent[.]" 42 USC § 2000e-5(f)(1) (emphasis added). The Sixth Circuit stated that "the EEOC must make a good faith effort to conciliate the claim. However, once the employer rejects the conciliation attempts, the EEOC is free to file suit under Title VII." E.E.O.C. v. Keco Industries, Inc., 748 F.2d 1097, 1102 (6th Cir. 1984). The Sixth Circuit emphasized that the manner and substance of the conciliation "is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review." Id.

Defendant points to E.E.O.C. v. Asplundh Tree Expert Co. as support for its argument that the EEOC acted in bad faith. 340 F.3d 1256 (11th Cir. 2003). However, the EEOC's actions in Asplundh are distinguishable from the case at present. In Asplundh, a worker for Asplundh was harassed by a worker from Gainesville Regional Utilities, which had contracted Asplundh to dig ditches and lay underground cable in Gainesville, Florida. 340 F.3d at 1257. The Eleventh Circuit determined that after a three year investigation, the EEOC issued a Letter of Determination, and only one week later proposed a nation-wide Conciliation Agreement, providing just 12 business days for Asplundh's general counsel in Philadelphia to accept the agreement or submit a counter proposal. Id. at 1259-60. Further, the Eleventh Circuit noted that the EEOC did not "identify any theory on which Asplundh could be held liable for the alleged conduct of [the Gainesville Regional Utilites' employee]." Id.

5

In the present case, the parties met and negotiated for almost four months, there was no third party involved as in Asplundh, and Defendant was given the opportunity to counter offer. The EEOC provided the required information, supplemented information regarding the EEOC's investigation, and reopened conciliation at Defendant's request. The EEOC gave Defendant an opportunity to dispute the charges, and did not file any claims under section 709 after Defendant provided relevant documents that countered the record keeping violation claim. 42 U.S.C. § 2000e-8(c). As to the section 706 charges, the EEOC determined that Defendant's conciliation proposal was nominal and was a rejection of the EEOC's offer. As the statute allows the EEOC to file a civil suit if it does not receive an acceptable conciliation agreement, the EEOC acted appropriately after Defendant rejected its proposal. See Keco 748 F.2d 1097; E.E.O.C. v. Spectrum Health Worth Home Care, Inc., 2006 WL 519779 at * 5 (W.D. Mich. March 2, 2006). For these reasons, the Court finds that the EEOC acted in good faith in its conciliation efforts.

**2. Failure to State a Claim**

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and argues that in the "Statement of Claims" section of EEOC's Complaint, there is not a single factual allegation. According to the Defendant, "[t]he EEOC's Complaint contains only unfounded and completely inaccurate legal conclusions." (Def.'s Mot. Dismiss, 5 [DN 13].) In support of its argument, Defendant cites to two Western District of Kentucky cases. In Nathan v. Papa John's Intern., Inc., the district court dismissed an alleged discrimination complaint for failing to identify the plaintiff's race, "what positions he applied to, when he applied, or who filled these positions." 2011 WL 2173739, *1 (W.D.Ky. June 2, 2011). Similarly, in Lea v. U.S. Dept. of Agriculture, the complaint alleges a conspiracy to discriminate, was dismissed because "no specific facts [were] presented to

6

allow the Court to reasonably conclude that the alleged discrimination was motivated by a class-based animus[.]" 2011 WL 182698, *6 (W.D. Ky., Jan. 19, 2011).

In response, the EEOC states that the Complaint complies with Fed. R. Civ. P. 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The EEOC argues that its "complaint in the present action complies with Fed. R. Civ. P. 8(a) as interpreted by the Supreme Court" in Swierkiewicz and Twombly. (Pl's Response to Mot. To Dismiss, 6 [DN 17].) In Swierkiewicz v. Sorema N.A., a case involving racial discrimination in violation of Title VII, the Supreme Court found that a complaint that included "events leading to [the] terminations, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination" was sufficient to withstand a motion to dismiss. 534 U.S. 506, 514 (2002). The EEOC points out that the Supreme Court later clarified the Swierkiewicz decision, affirming that it was not applying a "heightened" pleading standard, and Rule 8(a) requires only that the plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 550 U.S. at 550, 570. According to the EEOC, the Complaint "alleges disparate treatment and identifies the nature of the employment action at issue (failure to hire) and the protected basis on which discrimination occurred (against African-Americans)" and "alleges the discrimination occurred at Defendant's Waverly, Kentucky facility since at least August 1, 2008." (Id. at 6.) In the alternative though, the EEOC has filed a motion for leave to file an Amended Complaint, which if granted, would make Defendant's argument of lack of factual allegations moot. [DN 24].

As the EEOC has filed a motion for leave to file an Amended Complaint in order to cure any deficiencies in the original Complaint, the Court must first address whether it will grant the EEOC's

motion for leave to file an Amended Complaint. [DN 24].

### B. Motion to Amend

The EEOC has filed a motion for leave to file an Amended Complaint. [DN 24]. This motion for leave to file an Amended Complaint is governed by Fed. R. Civ. P. 15(a)(2) which states that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." A district court should freely grant a plaintiff leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

### 1. Futility of Amendment

In its response, Defendant does not argue that the Amended Complaint lacks factual allegations, but states that the proposed amendment is futile, and, in support, first reiterates its argument that both the Complaint and the Amended Complaint fail "to plead a facially plausible claim or put River View on notice of the claims against it." (Def.'s Response to motion for leave to file amended complaint, 3 [DN 25].) The EEOC's original Complaint asks for relief under section 706 and 707 of Title VII of the Civil Rights Act ("section 706" and "section "707") while the Amended Complaint only asks for relief under section 706. 42 USC §§ 2000e-5, 2000e-6. Section 706 allows for the EEOC to file suit against a private employer on behalf of a person claiming to be aggrieved by unlawful employment practices. Id. Section 707 allows a suit to be filed against a private employer if there is "reasonable cause to believe that any person is engaged

in a pattern or practice" of unlawful employment practices. Id. Defendant argues that the Amended Complaint is "vague, confusing and fails to put River View on notice of whether the EEOC is in fact giving up any alleged 'pattern or practice' claim against River View." (Def.'s Response, 5 [DN 25].) Defendant points out that section 706 and section 707 require different proof. According to Defendant, the Amended Complaint still refers to the individuals as a "class" in accordance with section 707, but does not plead "a facially plausible claim for relief with respect to every individual on behalf of whom relief is sought" as required under section 706. (Id. at 6.)

Second, Defendant argues that the EEOC's motion for leave to file an amended complaint is futile because a failure to hire is not a continuing violation and the EEOC failed to plead facts regarding the timeliness of its claims, incorrectly pleading that the violations are continuing. Defendant contends that the timeliness issues are fatal deficiencies in the EEOC's amended complaint.

The EEOC responds to Defendant's first argument by citing several cases where class discrimination claims were brought under section 706 of Title VII. Furthermore, the EEOC argues that the McDonnell Douglas standard necessary to prove a section 706 claim is a an evidentiary standard, which differs from the pleading requirement of a complaint. (Id. at 5 (citing Lindsay v. Yates, 498 F.3d 434, 440 (6th Cir. 2007)).) The EEOC claims that Defendant is confusing the burden of proof with whether the EEOC's Complaint states a claim upon which relief can be granted.     Second, in response to the timeliness issues, the EEOC states that its Amended Complaint indicates ongoing discrimination as well as current claims and Defendant did not raise timeliness as an affirmative defense in its motion to dismiss, so it is barred from raising the defense. Even if allowed to raise timeliness as an affirmative defense, the EEOC argues that "[q]uestions of

timeliness in employment discrimination cases require factual development" and should be decided after further discovery. (Id. at 7.)

The Sixth Circuit has discussed the McDonnell Douglas framework, stating it "'is an evidentiary standard, not a pleading requirement.'" Lindsay v. Yates, 498 F.3d 434, 439 (6th Cir. 2007) (quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510 (2002)). In a federal employment discrimination case, the Supreme Court specifically stated that a plaintiff is not required to plead facts to satisfy the prima facie requirements in the complaint, but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512 (quotation omitted). Defendant correctly argues that a claim brought under section 706 requires different proof from a claim brought under section 707, however, evidentiary standards are not applicable in a motion to dismiss and, therefore, would not make the Amended Complaint futile. See id.; Twombly, 550 U.S. 544, 563 fn 8 (2007). Likewise, the EEOC's use of the terms "class" and "pattern and practice" in its Amended Complaint does not make the Amended Complaint futile. As a court "must construe the complaint in the light most favorable to plaintiff," the EEOC's use of certain terms should not take away from whether or not the allegations demonstrate that the charging parties are entitled to relief. Bredesen, 500 F.3d at 527 (citation omitted). As stated previously, a plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 US at 678. In its Amended Complaint, the EEOC has stated the claiming parties' race, relevant dates, positions applied for, and that the applicants were qualified for the positions which were filled with less qualified white applicants. (Amended Complaint, ¶¶ 10-12.) These facts apprise Defendant of the EEOC's claim and "the grounds upon which they rest[.]" Yates, 498 F.3d at 440.

Furthermore, the Court agrees with the EEOC that questions of timeliness of the claims is an issue which can only be decided after the facts are developed. Therefore, the Court concludes that the EEOC has provided sufficient facts and the Amended Complaint is not futile.

**2. Prejudice**

Lastly, Defendant states that it will be prejudiced by the Amended Complaint primarily because of the legal costs associated with briefing its motion to dismiss and response to motion for leave to amend complaint.

The EEOC addresses Defendant's prejudice arguments by stating that the motion to amend was filed at an early stage of the litigation, before Defendant has answered, and, outside of ordinary litigation expenses, the Defendant will not "expend significant additional resources to conduct discovery and prepare for trial." (Id. at 10 (citing Phelps v. McLellan, 30 F.3d 658, 662-63 (6th Cir. 1994)).) The Court agrees.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss [DN 13] is **DENIED** and Plaintiff's motion for leave to file amended complaint [DN 24] is **GRANTED**.

cc: counsel of record